377 So.2d 834 (1979)
Thomas PEREGO, Appellant,
v.
John Spencer ROBINSON and Robert L. Hannah, Appellees.
No. LL-243/T1-10.
District Court of Appeal of Florida, Fifth District.
December 19, 1979.
Joseph DeGance of Jansen & DeGance, P.A., Fort Lauderdale, for appellant.
John Spencer Robinson, Daytona Beach, for appellee, John Spencer Robinson.
No appearance for appellee, Robert L. Hannah.
PER CURIAM.
On April 17, 1979, the District Court of Appeal, First District, entered its order requiring *835 the Appellant to show cause why this appeal should not be dismissed for lack of jurisdiction, because it appeared from the record that the notice of appeal had not been timely filed. Appellant has filed affidavits to explain the apparent late filing of the notice. This appeal was subsequently transferred to this Court.
The record is clear that the Notice of Appeal was not filed in the office of the Clerk of the Court until after the appeal time had run. The office of the Clerk of the Circuit Court of Volusia County is at the county seat in DeLand. No documents are filed or recorded elsewhere, nor can they be. Article VIII, Sec. 1(k), Florida Constitution. The Notice of Appeal was left with a deputy clerk in Daytona Beach and from there transmitted to DeLand, where it did not arrive until after the time for appeal had run. Under these circumstances, it cannot be considered "filed" within the time allowed. Rule 9.110, Fla.R. App.P. This is equivalent to filing in the wrong court. See: Southeast First National Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978); Estate of Hatcher, 270 So.2d 45 (Fla. 1st DCA 1972).
The appeal is therefore dismissed for lack of jurisdiction.
DAUKSCH, C.J., and ORFINGER and UPCHURCH, JJ., concur.