SCHEB, Judge.
Petitioner George I. Sanchez seeks a writ of prohibition to prevent the Circuit Court for Pinellas County from exercising its appellate jurisdiction. We decline to issue the writ.
On March 16, 1984, in an eviction proceeding, the county court in Pinellas County rendered a final judgment awarding damages to Sanchez, as tenant, because his landlord, Daniel Merlinos, wrongfully evicted him. Merlinos filed a notice of appeal, which was docketed by the clerk of the circuit court on April 17, 1984, one day after the time expired for filing an appeal.
Sanchez moved to dismiss the appeal as untimely. He submitted an affidavit of a deputy clerk of the Clearwater office. The deputy clerk asserted that she found the envelope containing the notice of appeal in her incoming mail basket on April 17, 1984. She docketed the appeal as of that date.
Merlinos presented several affidavits in opposition to the motion. An affidavit of the secretary for Merlinos’ attorney indicated that on Monday, April 16, 1984, she delivered an envelope containing the notice of appeal to an assistant clerk at the circuit court clerk’s branch office in St. Peters-burg. The secretary asserted that she was told by the assistant clerk that the document would be filed and calendared that day and forwarded to the main office of the Clerk of the Circuit Court in Clearwater. The secretary said she then placed the envelope in the interoffice mailbox at the St. Petersburg office, pursuant to the assistant clerk’s instructions. In another affidavit the St. Petersburg Branch Office manager of the clerk’s office asserted that at that time, under the policy of the clerk of the circuit court, all sealed envelopes addressed to Clearwater placed in this mailbox were sent to the Clearwater office unopened.
At the hearing on Sanchez’ motion to dismiss, the circuit court, based on these affidavits, found that the notice of appeal was timely filed. After Sanchez’ motion for rehearing was denied, he filed a petition for writ of prohibition with this court to prevent the circuit court from exercising jurisdiction over the case.
Sanchez argues that any defect in filing a notice of appeal is jurisdictional and “cannot be cured by affidavit.” He relies primarily on Perego v. Robinson, 377 So.2d 834 (Fla. 5th DCA 1979), cert. denied, 388 So.2d 1116 (Fla.1980), to support his contention.
In Perego the appellant filed his notice of appeal with á deputy clerk in Daytona Beach. The Office of the Clerk of the Circuit Court of Volusia County was at the county seat in DeLand. The deputy clerk transmitted the notice to DeLand, but it did not arrive there until after the time for appeal had expired. The Fifth District concluded that article VIII, section l(k), of the Florida Constitution allowed documents to be filed or recorded only at the county seat. The court reasoned that the appeal was untimely because filing the notice in Dayto-na Beach was equivalent to filing it in the wrong court.
Perego does not indicate whether the Clerk of the Circuit Court of Volusia County had a duly authorized branch office or whether the appellant filed his notice of appeal in such a branch office. Nevertheless, we disagree with the Fifth District’s conclusion in Perego that documents can only be filed in the county seat. Article VIII, section l(k), of the Florida Constitution provides for the establishment of branch offices for the conduct of county business as prescribed by law.[1] That section also states that “no instrument shall be deemed recorded in the county until filed at the county seat according to law.” Petitioner points out that rule 9.040(g), which prescribes clerk’s duties, provides that notices to review final orders of county and circuit courts shall be recorded. However, the jurisdiction of the circuit *157 court is invoked by the filing (and not the recording) of the notice of appeal, accompanied by the required filing fee, within thirty days of rendition of the order to be reviewed. Rule 9.110(b). Unlike instruments affecting title to land which, when filed, must be recorded, the actual recording of a notice of appeal may take place later. Undoubtedly, such notice would be recorded at the county seat.
We hold that the filing of a notice of appeal at the clerk’s branch office in St. Petersburg within the allowable jurisdictional period under the clerk’s practices in effect at the time was sufficient to confer jurisdiction on the circuit court. This is so even though the main office of the clerk of the circuit court at the county seat did not receive the notice until the next day after the time expired for filing an appeal. Thus, the circuit court properly concluded from the affidavits that Merlinos’ appeal was timely filed. See Knee v. Smith, 313 So.2d 117 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 726 (Fla.1976).
Petition for writ of prohibition denied.
GRIMES, A.C.J., and SCHOONOVER, J., concur.

. Nó one suggests that the St. Petersburg branch office was not properly established by law.