ON MOTION TO DISMISS
PER CURIAM.
Appellee moves to dismiss this appeal on grounds that the notice of appeal was not timely filed. The issue here is whether a notice of appeal is “filed” so as to vest appellate jurisdiction in this court where the notice was timely “filed” in a branch office located away from the county seat, *518 but was not timely received for filing in the main office of the clerk of the circuit court located in the county seat. We find that the timely filing in the branch office vested jurisdiction in this court, and deny the motion to dismiss.
Rule 9.110(b), Florida Rules of Appellate Procedure, requires that the notice be filed with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed. The order in question was entered by the trial court January 12, 1984, and was filed with the clerk of court January 13, 1984. Rule 9.020(g), Florida Rules of Appellate Procedure, defines rendition as “the filing of a signed, written order with the clerk of the lower tribunal.” Thus, for the purpose of calculating the 30-day period for filing the notice of appeal, January 13, 1984, represents the date on which the order is considered rendered. Pursuant to Rule 9.420(e), Florida Rules of Appellate Procedure, the last day for filing the notice of appeal was February 13, 1984.[1]
On February 13, 1984, appellant filed a notice of appeal at the “Okaloosa County Courthouse Annex” (annex) in Shalimar, Florida, where a branch office of the clerk of the circuit court for Okaloosa County is located. The county seat of Okaloosa County is Crestview, Florida. The annex provides a courier service between the annex and the clerk’s main office in Crest-view as it has apparently been the practice of the clerk’s office that pleadings such as a notice of appeal will not be considered filed until stamped “received” at the county courthouse in Crestview. In the instant case, though the notice of appeal was filed at the annex on February 13, 1984, it was not transported to the county courthouse until February 14, 1984, when it was stamped “received.” Thus, if the notice is not deemed “filed” until received at the county seat then the notice of appeal is untimely and this court lacks jurisdiction. See Apone v. Green, 249 So.2d 488 (Fla. 3d DCA 1971), and Hawks v. Walter, 409 So.2d 524 (Fla. 5th DCA 1982).
Apparently, the practice of not considering the notice of appeal filed until receipt at the county seat was adopted in order to comply with the Florida Constitution, Article VIII, Section l(k), which provides:
In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law. No instrument shall be deemed recorded in the county until filed in the county seat according to law.
After the response to the motion to dismiss had been filed, appellee filed a “suggestion” pointing out that the response raised an issue of great importance to the local Bar in Okaloosa County, i.e., whether the presentment of a document or pleading at the courthouse annex constituted a filing. In order to develop a factual predicate on which to consider the issue raised by the motion to dismiss, we appointed Judge Erwin P. Fleet as a special commissioner for the purpose of holding a hearing and taking evidence to determine if the annex was a legally established branch office of the clerk of circuit court.
The commissioner’s report states that the annex was constructed to serve the population of Okaloosa County, which is increasingly centered in the southern por *519 tion of the county (away from the county seat, Crestview). In 1972, the board of county commissioners, the governing body of Okaloosa County, adopted resolutions authorizing the construction of a courthouse annex to be located in Shalimar. The commissioner found that by adoption of these resolutions, the county commissioners satisfied “any and all” requirements of Florida Constitution, Article VIII, Section l(k), regarding establishment of branch offices for the conduct of county business. The clerk of court established within the annex an official branch office of the clerk of court, pursuant to Section 28.07, Florida Statutes (1983). The branch office accepts documents and pleadings, issues process and defaults and provides for transmittal of these instruments to the clerk’s main office in Crestview. The commissioner found it was “widely known” among members of the local Bar that pleadings and documents are not deemed officially filed until filed at the main office in Crestview.
The Fifth District was confronted with a similar fact pattern in Perego v. Robinson, 377 So.2d 834 (Fla. 5th DCA 1979). There the notice of appeal was filed in Daytona Beach at the courthouse annex with a deputy clerk. Daytona Beach is located in Volusia County, the county seat of which is DeLand. The notice of appeal was not transmitted to DeLand until after the 30-day period had run. The Fifth District held that the notice was not timely filed and stated that filing in the annex was “the equivalent of filing in the wrong court.” (Citing to Southeast First National Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978), and Estate of Hatcher, 270 So.2d 45 (Fla. 1st DCA 1972)).[2]
We do not see any constitutional impediment to the practice of filing a notice of appeal with a branch office of the clerk of circuit court in a courthouse annex. The constitutional provision in question states, in part:
No instrument shall be deemed recorded in the county seat until filed at the county seat according to law. (emphasis added)
Florida Constitution, Article VIII, Section l(k). A notice of appeal need not be “recorded” in order to vest jurisdiction in the reviewing court. Rule 9.110(b), Florida Rules of Appellate Procedure, provides:
Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of the order to be reviewed, (emphasis added).
We feel that a distinction should be drawn between those instruments which must be recorded in order to manifest ownership or priority (e.g., mortgages, deeds to land, notices of security interest) and those for which the act of filing is all that is required (e.g., a notice of appeal).
Section 28.07, Florida Statutes (1983), provides in part:
[I]n those counties in which the clerk feels such offices to be necessary, he may establish branch offices in other places than the county seat and may provide such offices with a deputy clerk authorized to issue process; provided, that all permanent official books and records shall be kept at the county, courthouse.
The above statute, as well as Article VIII, Section l(k), Florida Constitution (previously quoted), clearly contemplates the establishment of branch offices to serve the needs of the public. Each provides that the clerk of the circuit court’s office at the county seat shall be the permanent, central *520 repository for all permanent records. It would seem apparent that the drafters of the constitutional provision, as well as the statute, were well aware that the ever growing population of many Florida counties has placed great burdens on the offices of the clerks of circuit courts throughout the state. To hold that these lawfully established branch offices may accept pleadings for filing, but that said documents are not officially filed until received at the county seat would seem to be at loggerheads with the stated purpose of providing for the establishment of branch offices in order to better serve the needs of the public.
Accordingly, we hold that the notice of appeal filed with the branch office of the clerk of the circuit court at the courthouse annex in Shalimar constituted a timely filing within the contemplation of Rule 9.110(b), Florida Rules of Appellate Procedure. We hereby certify that this holding is in direct conflict with the holding of the Fifth District in Perego v. Robinson, supra. Rule 9.030(a)(2)(A)(iv), Florida Rules of Appellate Procedure. This holding is not meant to be interpreted as holding that such branch offices may serve as the home of permanent records as the Constitution reserves this function for the clerk’s office located in the county seat. Nor do we intimate that documents for which recording is necessary will be considered recorded on receipt at a branch office or annex. Therefore, the notice of appeal is timely filed, the motion to dismiss is denied and this appeal shall proceed accordingly.
SMITH, JOANOS and ZEHMER, JJ., concur.

. Rule 9.420(e), Florida Rules of Appellate Procedure, governs computation of the time periods set by the appellate rules. The rule provides that the day of the act from which the period of time begins to run shall not be included in calculating the period. Accordingly, January 14, 1984, is the first day of the 30-day period, January 15th is the second day, etc. The thirtieth day of the period fell on February 12, 1984 — a Sunday. Rule 9.420(e) provides that if the last day of the period is a Saturday, Sunday or legal holiday, it shall not be included and the period shall be extended to the next day which is not a Saturday, Sunday or legal holiday. Accordingly, the last day on which the notice of appeal could be timely filed was Monday, February 13, 1984.

. These cases seem to stand for the proposition that if a notice of appeal is not filed in the office of the clerk of the correct court within 30 days of the judgment for which review is sought, the appeal must be dismissed for lack of jurisdiction. Both of these cases involved the filing of a notice of appeal from a judgment of the county court in the district court of appeal rather than the circuit court. We feel the analogy is inappo-site in that the notice of appeal was filed with the clerk of the circuit court albeit at a branch office, in both Perego and the instant case. Filing was thus accomplished with the correct court although arguably at the incorrect clerk’s office.