SHAW, Justice.
Due to a conflict between the decision below, Sanchez v. Swanson, 461 So.2d 155 (Fla. 2d DCA 1985), and Perego v. Robinson, 377 So.2d 834 (Fla. 5th DCA 1979), we have accepted jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On March 16, 1984, petitioner was awarded a money judgment against Daniel Merlinos in the County Court for Pinellas County. Merlinos filed a notice of appeal in the St. Petersburg branch office of the Clerk of the Circuit Court for Pinellas County[1] on Monday, April 16, 1984. The following day, one day after the time expired for filing notice of appeal, the notice was docketed at the clerk’s office in Clear-water, the county seat. Respondent, the Honorable Maynard F. Swanson, found the notice to have been timely filed. The Second District Court of Appeal agreed and denied petitioner’s writ to prohibit the Circuit Court from exercising jurisdiction over the appeal.
The issue presented is whether a notice of appeal, filed in a branch office prior to the expiration of the thirty-day period for vesting appellate jurisdiction, is timely if the notice is not docketed at the county seat until after expiration of the thirty-day period.
Article VIII, section l(k) of the Florida Constitution states:
COUNTY SEAT. In every county there shall be a county seat at which *483 shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law. No instrument shall be deemed recorded in the county until filed at the county seat according to law.
Petitioner argues that the notice herein was not timely filed because “instrument” as used in the final sentence of section l(k) is intended to encompass appellate pleadings and motions, and cites in support the requirement in Florida Rule of Appellate Procedure 9.040(g) that the clerk record all notices to review final orders of county and circuit courts in civil cases. Petitioner misapprehends the applicability of the rules and the responsibility of an appellant. Rule 9.040(g) sets forth the responsibilities of the clerk, not the appellant. Florida Rule of Appellate Procedure 9.110(b) requires only that the appellant file the notice of appeal within thirty days, it does not require the appellant to record the notice. This is understandable because recording a notice of appeal is the responsibility of the clerk. Further, “recorded” is not a term generally associated with pleadings and motions which by rule require only filing. The constitutional requirement that instruments evidencing liens, covenants, and proprietary interests in real property be recorded at the county seat serves the manifest purpose of making such information available to the general public at a centralized depository. Similar reason would dictate that security interests in personal property be recorded at a centralized depository. Pleadings and notices in a law suit are distinguishable in that while they might serve some public purpose, they primarily concern the immediate litigants, counsel, and courts. We feel that a logical distinction can be drawn between these two types of instruments and that such a distinction is contemplated by both the constitution and the rules of appellate procedure. In Hoffman v. Hoffman, 463 So.2d 517, 519-20 (Fla. 1st DCA 1985), the court correctly pointed out that:
[Section 28.07, Florida Statutes (1983), as well as article VIII, section l(k), Florida Constitution] clearly contemplates the establishment of branch offices to serve the needs of the public. Each provides that the clerk of the circuit court’s office at the county seat shall be the permanent, central repository for all permanent records. It would seem apparent that the drafters of the constitutional provision, as well as the statute, were well aware that the ever growing population of many Florida counties has placed great burdens on the offices of the clerks of circuit courts throughout the state. To hold that these lawfully established branch offices may accept pleadings for filing, but that said documents are not officially filed until received at the county seat would seem to be at loggerheads with the stated purpose of providing for the establishment of branch offices in order to better serve the needs of the public.
We concur in this observation and accordingly hold that the timely filing of a notice of appeal in the branch office of the clerk of the county court for Pinellas County constitutes timely filing within the contemplation of Florida Rule of Appellate Procedure 9.110(b) and is not in violation of article VIII, section l(k) of the Florida Constitution.
We approve the district court decision below and, to the extent it conflicts, disapprove the decision in Perego.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDonald and EHLRICH, JJ., concur.

. Although not an issue in this case, we note that the notice of appeal carries the receipt stamp of the clerk of the circuit court. The Second District opinion states that the notice was filed in circuit court. If true, the notice would be improperly filed because the proper place to file a notice of an appeal from county to circuit court is in the county court. Fla.R. App.P. 9.110(b). Because the notice is addressed in both caption and text to the county court, and because the same person serves as the clerk of the county and circuit courts for Pinellas County, we will treat the notice as mis-stamped and as properly filed in a branch office of the county court. See Mayers v. Bankers Life Co., 421 So.2d 785 (Fla. 2d DCA 1982).